FILED'10 APR 27 15:59USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ROBINSON CONSTRUCTION                    09-CV-597-BR
COMPANY,

        Plaintiff,                    OPINION AND ORDER

v.

CASCADE COMMERCIAL INTERIORS,
a sole proprietorship; MILLER
CUSTOM DRYWALL, INC., an
Oregon corporation; DAVID P.
MILLER, an individual; and
the UNITED STATES DEPARTMENT
OF THE TREASURY, INTERNAL
REVENUE SERVICE,

        Defendants.


JOHN D. GRAGG
Seifer, Yeats, Zwierzynski & Gragg, LLP
121 S.W. Morrison, Ste. 850
Suite 4300
Portland, OR 97204
(503) 223-6740

        Attorneys for Plaintiff

1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**KARI DAWN LARSON**
United States Department of Justice
P.O. Box 683 Ben Franklin Station
Washington, D.C. 20044
(202) 307-6572

      Attorneys for Defendant United States Department of the
      Treasury

**BROWN, Judge.**

This matter comes before the Court on Defendant United
States Department of the Treasury's Motion (#17) to Disburse
Funds and Plaintiff Robinson Construction Company's Cross-Motion
(#19) to Disburse Funds.  For the reasons that follow, the Court
**DIRECTS** the Clerk of Court to enter default against Defendants
David Miller; Miller Custom Drywall, Inc.; and Cascade Custom
Interiors pursuant to Federal Rule of Civil Procedure 55(a);
**GRANTS** Defendant's Motion; and **GRANTS in part** and **DENIES in part**
Plaintiff's Motion.


## BACKGROUND

The following facts are taken from the Complaint for
Interpleader and the United States Department of the Treasury's
Motion to Disburse Funds:

In 2009 Plaintiff and Defendant Miller Custom Drywall, Inc.,

2 - OPINION AND ORDER

entered into a contract for the supply of materials and performance of labor on two building projects.

On January 1, February 16, and June 3, 2009, the United States Department of the Treasury assessed Miller Custom Drywall $86,116.57 for unpaid federal employment taxes and statutory additions for the tax period ending September 30, 2008.  After applying Miller Custom Drywall's credits to this assessment, Miller Custom Drywall owes the United States Department of the Treasury the balance of $48,587.46.

On March 23 and April 27, 2009, the United States Department of the Treasury assessed Miller Custom Drywall $42,997.65 for unpaid federal employment taxes and statutory additions for the tax period ending December 31, 2008.  Miller Custom Drywall did not pay the assessed amounts.  On May 14, 2009, Notices of Federal Tax Lien were filed and recorded with the Oregon Secretary of State's Office and with the Deschutes County Recorder's Office.

At some point Miller Custom Drywall performed all of the services it contracted to perform for Plaintiff, and, as a result, Plaintiff owes $46,052.52 to Miller Custom Drywall under that contract.

On May 29, 2009, Plaintiff filed a Complaint in Interpleader in this Court in which it seeks, among other things, an order directing Plaintiff to deposit the amount due under the contract

3 - OPINION AND ORDER

with the Clerk of Court and discharging Plaintiff from this action.

On June 12, 2009, the Court entered an Order in which it ordered the Clerk of Court to accept funds from Plaintiff in the amount of $46,052.52.

On September 14, 2009, David Miller signed and returned a Waiver of Service of Summons on behalf of himself, Miller Custom Drywall, and Cascade Commercial Interiors in which he indicated he understood he, Miller Custom Drywall, and Cascade Custom Interiors must "file and serve an answer or motion under Rule 12 within 60 days from . . . the date when [the waiver] was sent" and, if they failed to do so, "a default judgment [would] be entered against" them.  Miller, Miller Custom Drywall, and Cascade Custom Interiors never filed any responsive pleadings in this matter.

On November 16, 2009, the government filed a status report in which it advised the Court that David Miller had filed a petition to commence bankruptcy under Chapter 13 of the United States Bankruptcy Code in which he listed "the assets of Miller Custom Drywall as his own."  The government further advised the Court that due to an agreement between the IRS and Miller, "the only parties making a claim to the interplead funds are the United States and plaintiff."  In addition, attached as Exhibit 1 to the government's Status Report is the letter confirming with

counsel for Miller that Miller "relinquishes all claim to
retainages or other accounts receivable earned by Miller Custom
Drywall" including "Interpled funds in [this matter]."  The
government served the status report on Plaintiff's counsel and
Rex K. Daines.[1]  The government then filed a Motion to Disburse
Funds, which the government served on Plaintiff's counsel and Rex
K. Daines.  Plaintiff thereafter filed a Cross-Motion for
Disbursement of Funds and Discharge of Liability, which it served
on counsel for the government and Rex K. Daines.

**DISCUSSION**

In its Motion to Disburse Funds, the government asserts a
claim in the amount of $86,116.57 plus interest and statutory
additions against the interpleader funds and requests the funds
on deposit with the Court to be disbursed to the United States
Department of the Treasury for the purpose of applying them to
the outstanding federal tax liabilities of Miller, Miller Custom
Drywall, and/or Cascade Commercial Interiors.

In its Cross-Motion, Plaintiff does not object to the Court
ordering the funds to be disbursed to the government except for
$203.60, which Plaintiff asserts it overpaid to Miller Custom

---

[1] Even though Cascade Custom Interiors was not specifically
mentioned in the Status Report, the government's Certificate of
Service described Rex K. Daines as the attorney for Miller,
Miller Custom Drywall, and Cascade Custom Interiors.

Drywall, and for $2,000 in attorneys' fees incurred in this interpleader action.

### A.    Cascade Custom Interiors

As noted, Cascade Custom Interiors waived service of the Complaint in this matter and did not file any responsive pleading.  Moreover, although Cascade Custom Interiors was served with both the government's Motion to Disburse Funds and Plaintiff's Cross-Motion, Cascade Commercial Interiors did not file a response to either Motion.  The Court, therefore, directs the Clerk of Court to enter default against Cascade Commercial Interiors pursuant to Federal Rule of Civil Procedure 55(a). Having defaulted, Cascade Commercial Interiors does not have any basis to challenge the pending Motions.

### B.    Miller and Miller Custom Drywall

As noted, Miller, on his own behalf and for Miller Custom Drywall, also waived service of the Complaint in this matter; did not file any responsive pleading; and, in fact, has relinquished all claims to the interpleader funds.  The Court, therefore, directs the Clerk of Court to enter default against Miller and Miller Custom Drywall pursuant to Federal Rule of Civil Procedure 55(a).  Accordingly, neither Miller nor Miller Custom Drywall has any basis to challenge the pending Motions.

### C.    Overpayment

The government does not object to Plaintiff's claim for

6 - OPINION AND ORDER

$203.60 in overpaid funds or to Plaintiff's request to disburse these funds.  The Court, therefore, grants Plaintiff's Motion for Disbursement as to the $203.60 of funds overpaid by Plaintiff.

**D.    Attorneys' Fees**

As noted, Plaintiff also asserts a claim against the interpleader funds for $2000 in attorneys' fees.

"In an interpleader action, the court has discretion to award attorneys' fees and costs to the disinterested stakeholder when it is fair and equitable to do so." *Gilead Sciences, Inc. v. Bio-Genetic Ventures, Inc.*, No. C06-1416JLR, 2007 WL 2495896, at *8 (W.D. Wash. Aug. 29, 2007)(citing *Gelfen v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982)).  The Ninth Circuit, however, has held "the governmental priority established under the tax lien statutes precludes an award of fees to the plaintiff stakeholder from an interpleader fund when such an award would deplete the fund prior to total satisfaction of the lien." *Abex Corp. v. Ski's Enter., Inc.*, 748 F.2d 513, 517 (9th Cir. 1984)).

Because the government's tax lien exceeds the total amount of the fund in this case, any award of attorneys' fees to Plaintiff would impermissibly deplete the fund before total satisfaction of the tax lien.

Accordingly, the Court denies Plaintiff's Motion for

Disbursement of Funds as to Plaintiff's claim for attorneys' fees.

## CONCLUSION

For these reasons, the Court **DIRECTS** the Clerk of Court to enter default against Defendants David Miller; Miller Custom Drywall, Inc.; and Cascade Commercial Interiors pursuant to Federal Rule of Civil Procedure 55(a); **GRANTS** Defendant United States Department of the Treasury's Motion (#17) to Disburse Funds; and **GRANTS in part** and **DENIES in part** Plaintiff Robinson Construction Company's Cross-Motion (#19) to Disburse Funds.

## ORDER TO DISBURSE FUNDS

The Court **DIRECTS** the Clerk of Court to distribute the interpleader funds as follows:

1.   Robinson Construction Company . . . . . . . $203.60

      Payee:   Robinson Construction Company

      John D. Gragg
      Seifer, Yeats, Zwierzynski & Gragg, LLP
      121 SW Morrison, Ste. 850
      Suite 4300
      Portland, OR 97204

2.   United States Department of the Treasury . . $45,848.92

    Payee:   <u>United States Department of the Treasury</u>

    Kari Dawn Larson
    United States Department of Justice
    P.O. Box 683 Ben Franklin Station
    Washington, D.C. 20044

3.   <u>TOTAL . . . . . . . . . . . . . . . . . .$46,052.52</u>


    The parties shall confer and submit a form of Judgment no
later than **May 12, 2010,** that provides for the exoneration and
discharge of Plaintiff, dismisses with prejudice all claims of
defaulted Defendants, and addresses whether any nondefaulted
party is entitled to costs or any other relief.

    DATED this 27th day of April, 2010.


                              _____
                           ANNA J. BROWN
                           United States District